CORRIE J. YACKULIC - SB# 16063
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104
Tel. 206-462-4578
Fax. (206) 299-9725
E-Mail: corrie@cjylaw.com

Attorneys for Plaintiffs
STEWART PATEY, EUGENE PIERCE,
STEVEN R. HOLMAN on their behalf and
on behalf of all others similarly situated.

FILED
LODGED
ENTERED
RECEIVED

SEP 01 2009   RF

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
    AT SEATTLE
BY                    DEPUTY

09-CV-01239-CMP

Summons issued Sep 28 '06

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

STEWART PATEY, EUGENE PIERCE,
STEVEN R. HOLMAN on their behalf and
on behalf of all others similarly situated,

    Plaintiffs,

v.

THE SLEEP TRAIN, INC., SLEEP
COUNTRY USA, and DOES 1
THROUGH 60, inclusive,

    Defendants.

Case No. C09-1239 JLR

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT 29 USC §§ 201, ET SEQ.; THE REVISED CODE OF WASHINGTON §§ 49.12.005 ET SEQ., §§ 49.48.010 ET SEQ., §§ 49.52.010 ET SEQ., AND THE WASHINGTON ADMINISTRATIVE CODE §§ 296-126-001 ET SEQ., AND §§ 296-128-010 ET SEQ.; OREGON REVISED STATUTES 652.140; 652.150;; 652.610; 652.615; 653.045; 653.025; 653.055; AND 653.261; WRONGFUL TERMINATION**

**CLASS ACTION 29 USC 216(B)**

Plaintiffs STEWART PATEY, EUGENE PIERCE, STEVEN R. HOLMAN, et al., complain of Defendants and each of them as follows:

## I. INTRODUCTION

1. This is an action for declaratory judgment, permanent injunctive relief and damages for the unlawful failure to pay overtime wages and the underpayment of lawfully earned wages in the States of Oregon and Washington; and the unlawful taking back of wages and the failure to

1  *provide mandated meal and rest breaks as required by the laws of the States of Washington and*
2  *Oregon.* This action arises under the Fair Labor Standards Act, 29 USC §§ 201, et seq.; the Revised
3  Code of Washington §§ 49.12.005 et seq., §§ 49.48.010 et seq., §§ 49.52.010 et seq., and the
4  Washington Administrative Code §§ 296-126-001 et seq., and §§ 296-128-010 et seq.; Oregon
5  Revised Statutes 652.140; 652.150;; 652.610; 652.615; 643.025; 643.045 and 643.261 and the
6  common laws of Washington and Oregon.

2.  This complaint arises out of a pattern and practice of chronic and systematic violations of labor laws governing minimum wages, overtime, meal and rest breaks, the unlawful taking back of wages earned, failure to pay employees properly upon termination, underpayment and nonpayment of wages earned, and laws against wrongful termination in violation of public policy under both federal and state law as noted above.

## II. JURISDICTION AND VENUE

3.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States, pursuant to the Fair Labor Standards Act, 29 USC §§ 201–219. Plaintiff and the class members each have a right to bring an action under the FLSA pursuant to 29 USC 216(b).

4.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims in that those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' pendent state law claims are governed by Federal Rule of Civil Procedure 23, since prosecuting separate actions by individual class members would create a risk of: inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would

2.

substantially impair or impede their ability to protect their interests; final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) since some of the unlawful conduct that gives rise to these claims occurred within the Western District of Washington, which is the largest single retail market and principal place of business for Defendant SLEEP COUNTRY USA, which is headquartered in western Washington.

## IV. FACTS

6. Plaintiffs STEWART PATEY, EUGENE PIERCE, and STEVEN R. HOLMAN, (hereinafter "PATEY," "PIERCE," and "HOLMAN," respectively), are informed and believe and thereupon allege that Defendant SLEEP COUNTRY employs sales people who sell mattresses, furniture and related bedding products to consumers throughout Washington and Oregon. STEVEN R. HOLMAN worked for SLEEP COUNTRY USA INC. as a sale associate in Washington. STEWART PATEY worked in the State of Washington and Oregon for SLEEP COUNTRY USA INC. EUGENE PIERCE worked in Oregon for SLEEP COUNTRY USA. All Plaintiffs were employed by SLEEP COUNTRY USA.

7. PLAINTIFFS are also informed and believe and thereupon allege that SLEEP TRAIN has a management agreement with SLEEP COUNTRY by which it provides management services to SLEEP COUNTRY including advising, suggesting and directing SLEEP COUNTRY'S wage and hour practices and employment agreements with Plaintiffs and the class/es they represent.

8. SLEEP COUNTRY AND SLEEP TRAIN closely supervise class members, who spend an overwhelming portion of their time at work performing mundane tasks mandated by a uniform corporate policy. SLEEP COUNTRY does not pay overtime to class members even though class members are clearly not exempt from the requirements of the FLSA and relevant state statutes that they be paid overtime and even though class members, including Plaintiffs, systematically and

3.

COMPLAINT FOR VIOLATIONS OF THE FLSA

as a matter of uniform corporate policy, regularly worked more than forty hours in a work week or eight hours or ten hours in a day, worked hours without pay, were unlawfully underpaid wages rightfully earned, regularly worked through mandated meal and rest breaks, had wages unlawfully taken back, and were regularly terminated in violation of public policy.

9.  PLAINTIFFS do not know the true names of Defendants DOES 1 through 60 inclusive, and therefore sue them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner legally responsible for the events, happenings, injuries and damages alleged in this complaint.

10. In this complaint, when reference is made to any act of SLEEP TRAIN INC., such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of SLEEP TRAIN INC. authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

11. In this complaint, when reference is made to any act of SLEEP COUNTRY USA INC., such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of SLEEP COUNTRY USA INC. authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

12. During more than one work week during their employment, PLAINTIFFS worked hours for which they were not paid including (1) staff meetings that were held for which no compensation was paid and (2) turning off alarms and making deposits after hours on behalf of the Defendants under threat of termination. The SLEEP COUNTRY and SLEEP TRAIN knows, or should know, that there is no basis in Washington and Oregon or United States law for employees to work hours unpaid. During more than one work week during their employment not only did PLAINTIFFS work for more than forty hours, for which they were not paid, but he also received less than the minimum wage for all hours worked.

4.

COMPLAINT FOR VIOLATIONS OF THE FLSA

13.     PLAINTIFFS bring this action on their own behalf, and on behalf of all persons similarly situated. The class PLAINTIFFS represent consists of all persons who were employed by SLEEP COUNTRY USA as sales and staff and who sell or provide similar services to consumers who use the services and products of the SLEEP COUNTRY (hereinafter, collectively, the "SALES CLASS"). PATEY and PIERCE, worked as sales staff as well as so-called "store managers," under which title they worked on a salary basis. Corporate policy required the PLAINTIFFS to work a minimum of 46 floor hours per week as "store managers," in addition to time spent attending meetings and manager's retreats of various sorts, nor did it include time spent doing frequent after hours deposits, under threat of termination, of checks and cash on behalf of the Defendant. Similarly, Plaintiffs STEWART PATEY, EUGENE PIERCE, and STEVEN R. HOLMAN worked as "sales associates" or "store managers" in Oregon and Washington (hereinafter "OREGON SALES SUBCLASS" and "WASHINGTON SALES SUBCLASS," respectively) for the SLEEP COUNTRY, working as many as seventy hours in a week without receiving overtime compensation.

14.     The SLEEP COUNTRY routinely and as a matter of uniform corporate policy arbitrarily added costs to the wholesale price of its products as presented to the sales staff, and failed to include massive marketing rebates given to the SLEEP COUNTRY by vendors, thereby grossly underpaying on its so-called "commissions." Members of the WASHINGTON or OREGON SALES SUBCLASSES were frequently paid an hourly wage rather than "commissions" for weeks in which they worked over forty hours in a week, without overtime compensation. All Plaintiffs spent the vast majority of their time performing routine, mundane tasks, such as cleaning the store, answering phone calls, providing customer service pursuant to SLEEP COUNTRY policies, selling products, and processing merchandise returns. All Plaintiffs regularly worked more than 40 hours in a week without overtime compensation and worked unpaid hours at the behest of the Defendants.

15.     There are well-defined common of questions of law and fact affecting the classes and subclasses Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member worked as sales person, "store manager," or "sales associate" providing products and services to consumers who use the services and products of SLEEP COUNTRY , and that Plaintiffs worked more than forty hours in a week and

5.

1  were not paid for overtime; were forced to make financial deposits for SLEEP COUNTRY USA
2  after work hours without pay under threat of termination; were forced to attend training and assorted
3  other meetings without pay were under threat of termination; were willfully not paid all money due
4  at termination of their employment; and were not reimbursed for gas, cell phone bills, parking tickets
5  or vehicle maintenance or damage all of which involved or occurred while working for SLEEP
6  COUNTRY USA.

7      16.  In addition, SLEEP COUNTRY USA, by uniform policy attributable to all class
8  members, failed to pay each class member wages during all hours that they worked. Specifically,
9  SLEEP COUNTRY failed to pay class members for the time from when they first arrived at a
10 SLEEP COUNTRY USA location to pick up work orders, plot which jobs would be done in what
11 order, and pick up and/or drop off necessary products or make deposits in order to perform the
12 required work or for staff meetings. In addition, PLAINTIFFS and the other members of the class
13 were not paid overtime even though PLAINTIFFS, and all or almost all members of the class,
14 worked at least one work week in which the class member worked over forty hours in a workweek,
15 but were not paid overtime.

16      17.  All or almost all class members worked at one least week (and often many more) but
17 were not paid overtime as required by federal law. Accordingly, the facts supporting the claim for
18 each class member is identical or substantially similar for PLAINTIFFS and each member of the
19 class and the alleged breach and claim of liability is identical or substantially identical for each
20 member of the class. These questions are such that proof of a state of facts common to the class
21 representatives and to members of the class will entitle each member of the class to the relief
22 requested in this complaint. Furthermore, the requirements that the PLAINTIFFS work in excess of
23 forty hours in a week, make deposits and attend meetings and retreats were and are uniform
24 corporate policy that apply to all the members of the class.

25      18.  The Plaintiffs who worked as "sales people" or "store managers" (SALES CLASS)
26 were paid on a profit sharing or bonus plan, rather than a bona fide commission scheme, and were at
27 all times relevant to this action, and are, non-exempt employees under federal law, as well as
28 Washington and Oregon law, and are therefore covered by federal and state minimum wage and

6.

**COMPLAINT FOR VIOLATIONS OF THE FLSA**

overtime laws and regulations, and have at all relevant times been knowingly, willfully and wrongly classed as non-exempt.

19. PLAINTIFFS will fairly and adequately represent the interests of the class, because Plaintiffs are members of the class and Plaintiffs' claims are typical of those in the class.

### FIRST CAUSE OF ACTION
### (VIOLATION OF FAIR LABOR STANDARDS ACT)
### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

20. PLAINTIFFS incorporate herein in haec verba all of the allegations, averments, and matters contained in paragraphs 1 through 19 above.

21. SLEEP COUNTRY, and Does 1 through 60, fails to pay overtime to class members even though it is clear that class members are entitled to overtime for each workweek that they work over 40 hours in a week.

22. SLEEP COUNTRY, failure to pay overtime due to class members was a willful violation of the FLSA because it would be impossible for defendants not to be aware that the class members were not exempt from overtime requirements and yet they failed to pay overtime and continue to fail to pay overtime through the present time. In fact, on more than one occasion, when class members attempted to submit an accurate time card reflecting the more than sixty hours he had worked for SLEEP COUNTRY in a particular week, SLEEP COUNTRY superiors instructed them to resubmit the time card to reflect only forty hours worked. WASHINGTON and OREGON SALES SUBCLASS members also frequently would work weeks of over forty hours in which they were paid an hourly wage but wrongfully classed as exempt employees for purposes of federal and state overtime laws.

23. Because SLEEP COUNTRY willfully failed to comply with the FLSA, and relevant state statutes, all PLAINTIFFS are entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime and reasonable attorney's fees incurred in enforcing the rights, and whatever aforementioned state statutory rights that may apply.

COMPLAINT FOR VIOLATIONS OF THE FLSA

1  Wherefore Plaintiffs pray for judgment as hereinafter set forth;

### SECOND CAUSE OF ACTION - WASHINGTON
(Revised Code of Washington §§ 49.12.005 et seq., §§ 49.48.010 et seq., §§ 49.52.010 et seq., and the Washington Administrative Code §§ 296-126-001 et seq., and §§ 296-128-010 et seq. - meal and rest breaks - liquidated damages)

24. PLAINTIFFS incorporate herein in haec verba all of the allegations, averments, and matters contained in paragraphs 1 through 23 above.

25. PLAINTIFF STEWART PATEY and STEVEN HOLMAN systematically, and as a matter of uniform and regular SLEEP COUNTRY policy, worked more than 8 hours daily and also, on one or more occasions, did not receive at least a 30 minute lunch break for each five hours worked daily and/or did not receive a ten minute rest break for every four hours of employment during each eight hours worked daily as required by the Revised Code of Washington §§ 49.12.005 et seq., §§ 49.48.010 et seq., §§ 49.52.010 et seq., and the Washington Administrative Code §§ 296-126-001 et seq., and §§ 296-128-010 et seq.

26. Defendants are in the business of selling mattresses through retail operations operating in Washington. Plaintiff STEWART PATEY and STEWART HOLMAN were employed in various retail locations in and around the State of Washington within the relevant statute of limitations for this action. Plaintiffs worked various shifts. Each shift lasted at least 8 hours, and some lasted more than eight hours. Plaintiff STEWART PATEY and STEVEN HOLMAN were not offered any meal or rest breaks by the SLEEP COUNTRY prior to the filing of this lawsuit.

Wherefore Plaintiffs pray for judgment as hereinafter set forth;

### THIRD CAUSE OF ACTION - WASHINGTON
(Revised Code of Washington §§ 49.12.005 et seq., §§ 49.48.010 et seq., §§ 49.52.010 et seq., and the Washington Administrative Code §§ 296-126-001 et seq., and §§ 296-128-010 et seq. - unlawfully taking back wages - liquidated damages - fees)

27. PLAINTIFFS incorporate herein in haec verba all of the allegations, averments, and matters contained in paragraphs 1 through 26 above.

28. Defendants are in the business of selling mattresses through retail operations

8.

COMPLAINT FOR VIOLATIONS OF THE FLSA

operating in Washington. Plaintiff STEWART PATEY and STEVEN HOLMAN was employed in various retail locations in and around the State of Washington within the relevant statute of limitations for this action. Furthermore, the SLEEP COUNTRY, routinely, systematically, and as a matter of corporate policy, unlawfully took back wages from Plaintiffs STEWART PATEY and STEVEN HOLMAN and the putative class members by deducting wages to reimburse the SLEEP COUNTRY for its regular and routine business expenses and losses, such as when merchandise was returned by a dissatisfied customer or when financing charges accrued. Defendant's violation of Washington labor laws as described, have caused damages to Plaintiffs and to the putative class and subclass members.

Wherefore Plaintiffs pray for judgment as hereinafter set forth;

### FOURTH CAUSE OF ACTION - WASHINGTON
(Revised Code of Washington §§ 49.12.005 et seq., §§ 49.48.010 et seq., §§ 49.52.010 et seq., and the Washington Administrative Code §§ 296-126-001 et seq., and §§ 296-128-010 et seq. - nonpayment of wages for all hours worked)

29. PLAINTIFFS incorporate herein in haec verba all of the allegations, averments, and matters contained in paragraphs 1 through 28 above.

30. Defendant SLEEP COUNTRY is in the business of selling mattresses through retail operations operating in Washington. Plaintiff STEWART PATEY and STEVEN HOLMAN were employed in various retail locations in and around the State of Washington within the relevant statute of limitations for this action. Furthermore, the SLEEP COUNTRY, routinely, systematically, and as a matter of corporate policy in its routine course of business, paid Plaintiff STEWART PATEY, STEVEN HOLMAN and putative class members less than wages required by statute or contract, requiring that class members routinely work off the clock without payment, less than the minimum wage for each hour worked, such as by requiring Plaintiffs to attend meetings without pay and make deposits after store hours without pay.

31. Furthermore, the SLEEP COUNTRY, willfully, routinely and as a pattern and practice of its business, secretly paid Plaintiff class members less than the designated wage scale while purporting to pay the wage designated by contract by chronically, willfully and systematically

9.

worked for SLEEP COUNTRY in a particular week, SLEEP COUNTRY superiors instructed him to resubmit the time card to reflect only forty hours worked.

36    The SLEEP COUNTRY willfully, routinely, and as a pattern and practice of its regular course of business and uniform corporate policy, failed to account for lawfully and in an itemized fashion all wages lawfully owed to PLAINTIFFS STEWART PATEY, EUGENE PIERCE, and STEVEN R. HOLMAN, as well as wages lawfully owed to putative class members.

37.    The SLEEP COUNTRY also routinely, chronically, and as a matter of uniform corporate policy, paid PLAINTIFFS less than the that required by statute by unlawfully taking back wages from the PLAINTIFFS and putative class members, such as by deducting wages to reimburse the SLEEP COUNTRY for its regular and routine business expenses and losses when merchandise was returned by a dissatisfied customer or when financing charges accrued.  Plaintiffs and the putative class members are entitled to statutory penalties of the greater of actual damages or $200 for each incident; punitive and exemplary damages, as well as reasonable attorney's fees and costs.

Wherefore PLAINTIFFS pray for judgment as hereinafter set forth;

## SEVENTH CAUSE OF ACTION - OREGON
### (Oregon Revised Statutes 653.261 - unpaid overtime - penalties thereon)

38.    PLAINTIFFS incorporate herein in haec verba all of the allegations, averments, and matters contained in paragraphs 1 through 37 above.

39.    The class members' claims against Defendants involve questions of common and general interest in that each and every class member of the SALES CLASS, routinely, systematically and as a matter of uniform corporate policy, worked more than ten hours in a day or forty in a week and were not paid for overtime. In fact, on more than one occasion, when class members attempted to submit an accurate time card reflecting the more than sixty hours he had worked for SLEEP COUNTRY in a particular week, SLEEP COUNTRY superiors instructed him to resubmit the time card to reflect only forty hours worked. OREGON SUBCLASS members also would work entire weeks in which they were paid an hourly wage but wrongfully classed as exempt employees.

11.

misleading Plaintiffs about the true wholesale cost of the SLEEP COUNTRY GROUP products sold, thereby secretly and arbitrarily reducing the so-called "commissions" earned by the Plaintiffs and the putative class members. Defendants' violations of Washington labor laws as described have caused damages to Plaintiffs and to the putative class and subclass members.

Wherefore Plaintiffs pray for judgment as hereinafter set forth;

## FIFTH CAUSE OF ACTION - OREGON
### (Oregon Revised Statutes 652.140; 652.150 - termination wages - penalties thereon)

32. PLAINTIFFS incorporate herein in haec verba all of the allegations, averments, and matters contained in paragraphs 1 through 31 above.

33. The SLEEP COUNTRY willfully, and as a matter of uniform corporate policy, failed to pay wages and compensation within the statutory time period to Plaintiffs STEWART PATEY, EUGENE PIERCE, STEVEN R. HOLMAN and putative class members whose employment had ceased in violation of the ORS 652.140 and 652.145, and as a penalty thereon Plaintiffs demand compensation for the class members at the regular hourly rate of each class member for eight hours per day for thirty days pursuant to ORS 652.150.

Wherefore Plaintiffs pray for judgment as hereinafter set forth;

## SIXTH CAUSE OF ACTION - OREGON
### (Oregon Revised Statutes 652.610; 652.615 - Itemized statement of amounts and purposes of deductions; timely payment to recipient of amounts deducted - penalties thereon)

34. PLAINTIFFS incorporate herein in haec verba all of the allegations, averments, and matters contained in paragraphs 1 through 33 above.

35. The SLEEP COUNTRY willfully, routinely, and as a pattern and practice of its regular course of business and uniform corporate policy, failed to account for lawfully and in an itemized fashion all deductions from wages of PLAINTIFFS STEWART PATEY, EUGENE PIERCE, and STEVEN R. HOLMAN as well as of putative class members, including the purposes of deductions from the wages of class members. In fact, on more than one occasion, when class members attempted to submit an accurate time card reflecting the more than sixty hours he had

10.

COMPLAINT FOR VIOLATIONS OF THE FLSA

40.    Defendants' violation of Oregon labor laws as described have caused damages to Plaintiffs and to the putative class and subclass members, and Defendants' violation of Oregon labor laws were intentional, malicious and with conscious disregard for the rights of Plaintiffs and putative class members, and as a penalty thereon Plaintiffs demand compensation for the class members at the regular hourly rate of each class member for eight hours per day for thirty days pursuant to ORS 652.150.

41.    As a result thereof Plaintiffs and the putative class members are entitled to punitive and exemplary damages, as well as reasonable attorney's fees and costs.

Wherefore Plaintiffs pray for judgment as hereinafter set forth;

## EIGHTH CAUSE OF ACTION - OREGON
### (Oregon Revised Statutes 653.025 - unpaid minimum wage - penalties thereon)

42.    PLAINTIFFS incorporate herein in haec verba all of the allegations, averments, and matters contained in paragraphs 1 through 41 above.

43.    The SLEEP COUNTRY also routinely, chronically, and as a matter of uniform corporate policy, paid PLAINTIFFS less than the that required by ORS 653.025 for each hour worked by PLAINTIFFS and putative class members, such as by requiring employees, under threat of termination, to make deposits after store hours without pay, or requiring class members to attend meetings without pay. Defendants' violation of Oregon labor laws as described have caused damages to Plaintiffs and to the putative class members, and Defendants' violation of Oregon labor laws were intentional, malicious and with conscious disregard for the rights of Plaintiffs and putative class members. As a result thereof Plaintiffs and the putative class members are entitled to statutory penalties of 30 days' unpaid wages pursuant to ORS 652.150 at the class members' regular rate; punitive and exemplary damages, as well as reasonable attorney's fees and costs. Plaintiffs hereby demand reasonable attorney's fees and costs pursuant to Oregon Revised Statutes 652.200 for all relevant causes of action.

Wherefore Plaintiffs pray for judgment as hereinafter set forth;

12.

COMPLAINT FOR VIOLATIONS OF THE FLSA

**WHEREFORE PLAINTIFFS PRAY FOR JUDGMENT AS FOLLOWS:**

1. General damages according to proof in an amount that is yet to be ascertained;
2. Special damages according to proof in an amount that is yet to be ascertained;
3. Interest on all sums awarded including prejudgment interest;
4. Statutory penalties;
5. Costs of suit;
6. Reasonable attorney's fees;
7. Punitive and exemplary damages;
8. Such other, and/or further relief as is just and proper.

Dated: September 1, 2009

_Corrie J. Yackulic_ (signature)

CORRIE J. YACKULIC, Attorney for Plaintiffs STEWART PATEY, et al., on behalf of themselves and all those similarly situated.

COMPLAINT FOR VIOLATIONS OF THE FLSA

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Stewart Patey et al, <br><br> Plaintiffs, <br> vs. <br><br> Sleep Country et al., <br><br> Defendants. | **CONSENT TO JOIN IN CLAIMS AGAINST ALL DEFENDANTS FOR WAGES DUE UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)** <br><br> Case No.: |

I am a current or former employee of Sleep Country Inc. I worked over forty hours in at least one or more work weeks while working at Sleep Country Inc. I hereby consent and agree to pursue my claims arising out of the Fair Labor Standards Act of 1938 ("FLSA"), as amended (29 U.S.C. §§ 201 et seq.) against Defendants and related companies and individuals. I hereby consent and agree to join this action.

I hereby consent to have the named Plaintiff's attorney (Corrie Yackulic) and the Named Plaintiff represent me in this action.

Name: STEWART PATEY

Dated: 8-31-09           Signed: [signature]

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| Stewart Patey et al, <br><br>                Plaintiffs, <br>vs. <br><br>Sleep Country Inc. et al., <br><br>                Defendants. | **CONSENT TO JOIN IN CLAIMS AGAINST ALL DEFENDANTS FOR WAGES DUE UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)** <br><br> Case No.: |
|---|---|

I am a current or former employee of Sleep Country Inc. I worked over forty hours in at least one or more work weeks while working at Sleep Country Inc. I hereby consent and agree to pursue my claims arising out of the Fair Labor Standards Act of 1938 ("FLSA"), as amended (29 U.S.C. §§ 201 et seq.) against Defendants and related companies and individuals. I hereby consent and agree to join this action.

I hereby consent to have the named Plaintiff's attorney (Corrie Yackulic) and the Named Plaintiff represent me in this action.

Name: Michael Salter

Dated: 8/31/09

Signed: _[signature]_

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Stewart Patey et al, <br><br> vs. <br><br> Sleep Country Inc. et al., <br><br> Defendants. | CONSENT TO JOIN IN CLAIMS AGAINST ALL DEFENDANTS FOR WAGES DUE UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b) <br><br> Case No.: |

    I am a current or former employee of Sleep Country Inc. I worked over forty hours in at least one or more work weeks while working at Sleep Country Inc. I hereby consent and agree to pursue my claims arising out of the Fair Labor Standards Act of 1938 ("FLSA"), as amended (29 U.S.C. §§ 201 et seq.) against Defendants and related companies and individuals. I hereby consent and agree to join this action.

    I hereby consent to have the named Plaintiff's attorney (Corrie Yackulic) and the Named Plaintiff represent me in this action.

Name: Timothy R. O'Connell

Dated: 9-1-9     Signed: Timothy R O'Connell